# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 0 2 - 2 0 4 5 4 CR-GRAHAM
CASE NO.

18 U.S.C. § 1346
18 U.S.C. § 1343
18 U.S.C. § 1341
18 U.S.C. § 371
18 U.S.C. § 2
15 U.S.C. § 78j(b)
17 C.F.R. § 240.10b-5

MAGISTRATE JUDGE
GARBER

FILED by _____ D.C.
MAG. SEC.

MAY 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BRUCE BERTMAN, | ) |
| RAY HUTCHISON, | ) |
| JERRY POOLE, | ) |
| CHARLES ARNOLD, | ) |
| a/k/a "Chuck" | ) |
| and | ) |
| CRIS SAGNELLI, | ) |
| | ) |
| Defendants. | ) |

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

### CONSPIRACY TO COMMIT WIRE, MAIL AND SECURITIES FRAUD

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      A1 Internet.com, Inc., ("AWON") was a Nevada corporation with its principal place of business in Rockville, Maryland. The common stock of AWON was publicly traded in the United States on the over-the-counter market. AWON purportedly provided Internet technology solutions

3/8

to businesses and organizations throughout the United States. Effective October 15, 2001, AWON changed its corporate name to WorldTeq Group International, Inc. ("WorldTeq").

2.      AWON was an over-the-counter stock with 25 million authorized shares. The over-the-counter market is for equity securities traded over-the-counter that are neither listed on Nasdaq nor on a primary national securities exchange. The minimum financial requirements for listing on the Nasdaq Small Cap Market include market capitalization of at least $50 million and an initial listing price of at least $4 per share.

3.      Defendant **BRUCE BERTMAN** was president, chief executive officer and principal shareholder of AWON.

4.      Defendant **RAY HUTCHISON** was a stock promoter and a controlling shareholder of AWON.

5.      Defendant **JERRY POOLE** was a stock promoter and a controlling shareholder of AWON.

6.      Defendant **CHARLES ARNOLD, a/k/a "Chuck,"** was a stock promoter and a controlling shareholder of AWON through nominee shareholders.

7.      Defendant **CRIS SAGNELLI** was a stock promoter who presented prospective stock deals to investment funds and others.

8.      An agent of the Federal Bureau of Investigation, acting in an undercover capacity (the "UCA"), posed as a corrupt trader for a United States-based representative of a fictitious offshore mutual fund ("the Fund") which was represented to have a number of investors who had invested millions of dollars in the Fund. Two cooperating witnesses ("CW1" and "CW2") posed as corrupt stock promoters who presented prospective stock deals to the Fund.

9.      Connelly & Williams Associates, Inc. ("Connelly & Williams") was the purported United States representative of the Fund located in Atlanta, Georgia.

10.     Southern Star Shipping, Ltd. ("Southern Star Shipping") was the offshore Swiss

-2-

entity that was purportedly used by the corrupt trader (the UCA) and stock promoters (CW1 and CW2) to receive payments of illegal kickbacks.

## THE CONSPIRACY

11.     From on or about February 15, 2001, through on or about March 15, 2001, in Miami-Dade County, Broward County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**BRUCE BERTMAN,**
**RAY HUTCHISON,**
**JERRY POOLE,**
**CHARLES ARNOLD,**
**a/k/a "Chuck,"**
**and**
**CRIS SAGNELLI,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

A.     wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346;

B.     mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1346; and

C.     securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## PURPOSES AND OBJECTS OF THE CONSPIRACY

12.     It was the purpose and object of the conspiracy for the defendants to unjustly enrich themselves by defrauding the Fund, by artificially affecting the supply and demand for AWON stock and by inflating the price of AWON stock through illegal means. It was also the purpose and object of the conspiracy for the defendants to unjustly enrich themselves by defrauding the public shareholders of AWON.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the objects of the conspiracy included, among others, the following:

13.     Defendants **BRUCE BERTMAN, RAY HUTCHISON, JERRY POOLE** and **CHARLES ARNOLD, a/k/a "Chuck,"** would pay approximately $2.5 million in an undisclosed cash bribe or "kickback" to the UCA, CW1, CW2 and a representative of the Fund to induce the Fund to buy approximately 4 million shares of AWON stock at $2.00 per share for a total cost of $8 million rather than shares of another company's stock. At the time, the prevailing market price of AWON stock was approximately $0.30 a share.

14.     Defendant **BRUCE BERTMAN** would arrange for the purchase of approximately 4 million shares of AWON stock by the Fund. The sources of the shares included approximately 2,850,000 shares issued by AWON and approximately 1,150,000 shares controlled by defendants **BRUCE BERTMAN, RAY HUTCHISON, CHARLES ARNOLD, a/k/a "Chuck,"** and others.

15.     Defendants **BRUCE BERTMAN, RAY HUTCHISON, JERRY POOLE** and **CHARLES ARNOLD, a/k/a "Chuck,"** would arrange for the UCA, CW1, CW2 and a representative of the Fund to receive $2.5 million, representing the undisclosed kickback portion of the proceeds from the original transaction. A portion of the undisclosed kickback would be paid from an investment banking contract between defendant **RAY HUTCHISON** and a company controlled by the UCA. Defendants **JERRY POOLE** and **CRIS SAGNELLI** would in turn receive a portion of the undisclosed kickback payment for their role in the stock transaction.

16.     Defendant **BRUCE BERTMAN** drafted fictitious documentation on behalf of AWON, the seller of the AWON stock, and Southern Star Shipping, including fictitious consulting agreements and stock purchase agreements, to conceal the illegal payment of bribes for the stock transaction involving defendants **BRUCE BERTMAN, RAY HUTCHISON, JERRY POOLE** and **CHARLES ARNOLD, a/k/a "Chuck"**.

-4-

17.     Defendants **BRUCE BERTMAN, RAY HUTCHISON** and **JERRY POOLE** would enlist securities brokers to assist in artificially increasing the price of AWON stock by paying these brokers undisclosed, illegal compensation to sell shares of AWON stock to their customers. Defendants **BRUCE BERTMAN** and **RAY HUTCHISON** would also reinvest a portion of the net proceeds from the Fund's purchase of the AWON stock in an effort to increase AWON's stock price.

18.     Defendants **BRUCE BERTMAN, RAY HUTCHISON, JERRY POOLE, CHARLES ARNOLD, a/k/a "Chuck,"** and **CRIS SAGNELLI** agreed to execute a test transaction involving the Fund's purchase of 40,000 shares of AWON stock, followed by an undisclosed kickback of $10,000 which would be used to bribe representatives of the Fund so that they would place AWON on the Fund's approved buy list.

**OVERT ACTS**

In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

19.     On or about February 15, 2001, defendants **BRUCE BERTMAN, CRIS SAGNELLI** and **JERRY POOLE** proposed to the UCA, CW1 and CW2 that the Fund purchase shares of AWON stock in exchange for payment of an undisclosed kickback to the UCA, CW1, CW2 and a Fund representative.

20.     On or about February 21, 2001, defendants **BRUCE BERTMAN** and **JERRY POOLE** discussed with the UCA, CW1 and CW2 the method of concealing kickback payments of $3 million to defendant **CRIS SAGNELLI**, the UCA, CW1, CW2 and a representative of the Fund, following AWON's sale of approximately 3 million shares of stock at $2 per share.

21.     On or about February 22, 2001, defendant **BRUCE BERTMAN** faxed a draft subscription agreement to the UCA, CW1 and CW2 regarding the purchase of 4 million shares of AWON stock.

-5-

22.     On or about February 23, 2001, defendant **JERRY POOLE** discussed with the UCA, CW1 and CW2 the agreement between defendant **JERRY POOLE** and defendant **CRIS SAGNELLI** to split equally the proceeds from defendant **CRIS SAGNELLI**'s share of the undisclosed kickback payment.

23.     On or about February 27, 2001, defendants **JERRY POOLE, RAY HUTCHISON** and **CHARLES ARNOLD, a/k/a "Chuck,"** discussed with the UCA, CW1 and CW2 the payment of undisclosed kickbacks to employees of the Fund in exchange for approving the Fund's purchase of AWON stock.

24.     On or about March 2, 2001, defendant **BRUCE BERTMAN** faxed to the UCA, CW1 and CW2 a bill of sale and a copy of the stock certificate regarding the sale of 40,000 shares of AWON stock at $0.50 per share, representing the terms of the test transaction.

25.     On or about March 5, 2001, defendant **BRUCE BERTMAN** caused $10,000 to be wire-transferred as an undisclosed kickback payment to the bank account of the UCA.

26.     On or about March 7, 2001, defendant **BRUCE BERTMAN** caused to be delivered to the UCA, CW1 and CW2 the original stock certificate for 40,000 shares in the name of defendant **BRUCE BERTMAN** and an accompanying stock power signed by defendant **BRUCE BERTMAN**.

27.     On or about March 8, 2001, defendants **JERRY POOLE** and **CHARLES ARNOLD, a/k/a "Chuck,"** discussed with the UCA, CW1 and CW2 the Fund's purchase of 40,000 shares of AWON at $0.50 per share and the undisclosed kickback payment of $10,000 to employees of the Fund in exchange for approving the Fund's purchase of AWON stock.

28.     On or about March 9, 2001, defendant **BRUCE BERTMAN** faxed to the UCA, CW1 and CW2 a proposed stock purchase agreement.

29.     On or about March 12, 2001, defendant **RAY HUTCHISON** agreed with the UCA,

-6-

CW1 and CW2 to provide illegal market support for AWON stock by paying undisclosed bribes to securities brokers to induce them to artificially increase AWON's stock price.

30.    On or about March 14, 2001, defendant **BRUCE BERTMAN** faxed a consulting agreement to the UCA, CW1 and CW2 regarding the payment of 13% of the gross proceeds from any transaction involving AWON and Southern Star Shipping, an offshore account purportedly controlled by the UCA, CW1 and CW 2 to conceal a portion of the illegal payment of bribes.

31.    The wire communications, as set forth in Counts 2 through 14 of this Indictment, the mailing, as set forth in Count 15 of this Indictment, and the securities transaction, as set forth in Count 16 of this Indictment, are incorporated herein and realleged as though restated as individual overt acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-14

### WIRE FRAUD

1.    The allegations of paragraphs 1 through 10 and 13 through 31 of Count 1 of this Indictment are realleged and incorporated herein by reference.

2.    From on or about February 15, 2001, through on or about March 15, 2001, in Miami-Dade County, Broward County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**BRUCE BERTMAN,**
**RAY HUTCHISON,**
**JERRY POOLE,**
**CHARLES ARNOLD,**
**a/k/a "Chuck,"**
**and**
**CRIS SAGNELLI,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and deprive others of the intangible right of honest services, and to obtain money and property from others by means of materially false and fraudulent pretenses, representations and promises, knowing that the

-7-

pretenses, representations and promises were false when made.

      3.      On or about the dates specified as to each count, the defendants, for the purpose of executing the aforesaid scheme and artifice to defraud and deprive others of the intangible right of honest services, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described in each count below:

| COUNT | APPROX. DATE | ORIGIN | DESTINATION | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|---|
| 2 | 2/16/01 | Maryland | Boca Raton, Florida | Fax copy of WorldTeq executive summary |
| 3 | 2/22/01 | Maryland | Boca Raton, Florida | Fax copy of draft AWON stock subscription agreement |
| 4 | 3/6/01 | Maryland | Miami, Florida | Wire transfer of $10,000 from defendant **BRUCE BERTMAN** to UCA |
| 5 | 3/9/01 | Maryland | Boca Raton, Florida | Fax copy of draft stock subscription agreement between AWON and Connelly & Williams |
| 6 | 3/9/01 | Maryland | Boca Raton, Florida | Fax copy of stock purchase agreement between Connelly & Williams (the purchaser) and defendant **BRUCE BERTMAN** (the seller) |
| 7 | 3/11/01 | Maryland | Boca Raton, Florida | Fax copy of final draft stock subscription agreement between AWON and Connelly & Williams |
| 8 | 3/11/01 | Maryland | Boca Raton, Florida | Fax copy of revised consulting agreement between AWON and Southern Star Shipping Ltd. |
| 9 | 3/12/01 | Maryland | Boca Raton, Florida | Fax copy of revised consulting agreement between AWON and Southern Star Shipping Ltd. |
| 10 | 3/12/01 | Maryland | Boca Raton, Florida | Fax copy of stock purchase agreement between Connelly & Williams (the purchaser) and D.C. (the seller) |

| COUNT | APPROX. DATE | ORIGIN | DESTINATION | DESCRIPTION OF WIRE COMMUNICATION |
|-------|--------------|--------|-------------|-----------------------------------|
| 11 | 3/12/01 | Boca Raton, Florida | Maryland | Fax copy of partially executed consulting agreement between AWON and Southern Star Shipping Ltd. |
| 12 | 3/12/01 | Maryland | Boca Raton, Florida | Fax copy of stock purchase agreement between defendant **BRUCE BERTMAN** (the purchaser) and Cabo Verde IBC (the seller) |
| 13 | 3/14/01 | Maryland | Boca Raton, Florida | Fax copy of executed stock subscription agreement between AWON and Connelly & Williams |
| 14 | 3/14/01 | Maryland | Boca Raton, Florida | Fax copy of executed consulting agreement between AWON and Southern Star Shipping Ltd. |

All in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

## COUNT 15

## MAIL FRAUD

1.     The allegations of paragraphs 1 through 10 and 13 through 31 of Count 1 of this Indictment are realleged and incorporated herein by reference.

2.     From on or about February 15, 2001, through on or about March 15, 2001, in Miami-Dade County, Broward County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**BRUCE BERTMAN,
RAY HUTCHISON,
JERRY POOLE,
CHARLES ARNOLD,
a/k/a "Chuck,"
and
CRIS SAGNELLI,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and deprive others of the intangible right of honest services, and to obtain money and property from others by means of materially false and fraudulent pretenses, representations and promises, knowing that the

-9-

pretenses, representations and promises were false when made.

3.      On or about March 7, 2001, the defendants, for the purpose of executing the aforesaid scheme and artifice to defraud and deprive others of the intangible right of honest services, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, did knowingly cause to be delivered by commercial interstate carrier, that is, Airborne Express, according to the directions thereon, a stock certificate number 2261-6 for 40,000 shares of A1 Internet.com, Inc. in the name of defendant **BRUCE BERTMAN** and an accompanying stock power signed by defendant **BRUCE BERTMAN**.

All in violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## COUNT 16

## SECURITIES FRAUD

1.      The allegations of paragraphs 1 through 10 and 13 through 31 of Count 1 of this Indictment are realleged and incorporated herein by reference.

2.      From on or about February 15, 2001, through on or about March 15, 2001, in Miami-Dade County, Broward County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**BRUCE BERTMAN,**
**RAY HUTCHISON,**
**JERRY POOLE,**
**CHARLES ARNOLD,**
a/k/a "Chuck,"
**and**
**CRIS SAGNELLI,**

knowingly and willfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of a security, that is, 40,000 shares of stock in A1 Internet.com, Inc. (AWON) to Connelly & Williams

-10-

Associates, Inc., and did (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon others, in connection with the purchase and sale of said securities.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**02-20454 CR-GRAHAM**

UNITED STATES OF AMERICA                      CASE NO.

v.                                            **CERTIFICATE OF TRIAL ATTORNEY**

BRUCE BERTMAN,                                MAGISTRATE JUDGE
RAY HUTCHISON,                                    GARBER
JERRY POOLE,
CHARLES ARNOLD
    a/k/a "Chuck"

FILED by _____ D.C.
MAG. SEC.

MAY 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

and
CRIS SAGNELLI

_____

**Superseding Case Information:**

**Court Division:** (Select One)

| | |
|---|---|
| New Defendant(s) | Yes ____ No ____ |
| Number of New Defendants | ____ |
| Total number of counts | ____ |

__X__ Miami  ____ Key West
____ FTL  ____ WPB ____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:        (Yes or No) __No__
     List language and/or dialect _____

4.   This case will take __15__ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | | ____ |
| II | 6 to 10 days | ____ | Minor | | ____ |
| III | 11 to 20 days | __X__ | Misdem. | | ____ |
| IV | 21 to 60 days | ____ | Felony | | ____ |
| V | 61 days and over | ____ | | | |

6.   Has this case been previously filed in this District Court? (Yes or No)    __No__
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?   (Yes or No) __No__
If yes:
Magistrate Case No.    _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of  _____
Defendant(s) in state custody as of  _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No) _____ No _____

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  __X__ Yes ___ No   If yes, was it pending in the Central Region? __X__ Yes___ No

8.   Did this case originate in the Narcotics Section, Miami?  ___ Yes __X__ No

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0588040

*Penalty Sheet(s) attached
REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**02-20454-CR-GRAHAM**

PENALTY SHEET

MAGISTRATE JUDGE
GARBER

Defendant's Name: _BRUCE BERTMAN_

FILED by ___ D.C.
MAG. SEC.

Case No: _____

MAY 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

Count #: 1

_Conspiracy to Commit Wire, Mail and Securities Fraud_

_Title 18, United States Code, Section 371_

**\* Max.Penalty:**          Five (5) years' imprisonment

Count #s: 2-14

_Wire Fraud_

_Title 18, United States Code, Sections 1343, 1346 and 2_

**\*Max. Penalty:**          Five (5) years' imprisonment

Count #: 15

_Mail Fraud_

_Title 18, United States Code, Sections 1341, 1346 and 2_

**\*Max. Penalty:**     Five (5) years' imprisonment

Count #: 16

_Securities Fraud_

_Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal_
_Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2_

**\*Max. Penalty:**     Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**02-2045 4-CR-GRAHAM**

PENALTY SHEET

MAGISTRATE JUDGE
GARBER

FILED BY _____ D.C.
MAG. SEC.

MAY 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D OF FLA · MIA.-I

Defendant's Name: RAY HUTCHISON

Case No: _____

Count #: 1

  Conspiracy to Commit Wire, Mail and Securities Fraud

  Title 18, United States Code, Section 371

**\* Max.Penalty:**          Five (5) years' imprisonment

Count #s: 2-14

  Wire Fraud

  Title 18, United States Code, Sections 1343, 1346 and 2

**\*Max. Penalty:**          Five (5) years' imprisonment

Count #: 15

  Mail Fraud

  Title 18, United States Code, Sections 1341, 1346 and 2

**\*Max. Penalty:**     Five (5) years' imprisonment

Count #: 16

  Securities Fraud

  Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal
Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2

**\*Max. Penalty:**     Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**02-20454 CR-GRAHAM**

PENALTY SHEET

MAG. SEC.

MAY 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • MIAMI

MAGISTRATE JUDGE
GARBER

**Defendant's Name:** CHARLES ARNOLD, a/k/a "Chuck"

**Case No:** _____

**Count #: 1**

Conspiracy to Commit Wire, Mail and Securities Fraud

Title 18, United States Code, Section 371

**\* Max.Penalty:**           Five (5) years' imprisonment

**Count #s: 2-14**

Wire Fraud

Title 18, United States Code, Sections 1343, 1346 and 2

**\*Max. Penalty:**           Five (5) years' imprisonment

**Count #: 15**

Mail Fraud

Title 18, United States Code, Sections 1341, 1346 and 2

**\*Max. Penalty:**      Five (5) years' imprisonment

**Count #: 16**

Securities Fraud

Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal
Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2

**\*Max. Penalty:**      Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 02-20454 CR-GRAHAM

PENALTY SHEET

FILED by ___ D.C.
MAG. SEC.

MAGISTRATE JUDGE
GARBER

MAY 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • MIAMI

**Defendant's Name:** JERRY POOLE

**Case No:** _____

**Count #: 1**

Conspiracy to Commit Wire, Mail and Securities Fraud

Title 18, United States Code, Section 371

**\* Max. Penalty:**        Five (5) years' imprisonment

**Count #s: 2-14**

Wire Fraud

Title 18, United States Code, Sections 1343, 1346 and 2

**\*Max. Penalty:**        Five (5) years' imprisonment

**Count #: 15**

Mail Fraud

Title 18, United States Code, Sections 1341, 1346 and 2

**\*Max. Penalty:**   Five (5) years' imprisonment

**Count #: 16**

Securities Fraud

Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2

**\*Max. Penalty:**   Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02-20454 CR-GRAHAM

PENALTY SHEET

**Defendant's Name:** CRIS SAGNELLI

MAGISTRATE JUDGE
GARBER

**Case No:** _____

**Count #: 1**

 Conspiracy to Commit Wire, Mail and Securities Fraud

 Title 18, United States Code, Section 371

**\* Max.Penalty:**          Five (5) years' imprisonment

**Count #s: 2-14**

 Wire Fraud

 Title 18, United States Code, Sections 1343, 1346 and 2

**\*Max. Penalty:**          Five (5) years' imprisonment

**Count #: 15**

 Mail Fraud

 Title 18, United States Code, Sections 1341, 1346 and 2

**\*Max. Penalty:**     Five (5) years' imprisonment

**Count #: 16**

 Securities Fraud

 Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal
Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2

**\*Max. Penalty:**     Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**